UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STANLEY PRICE | CIVIL ACTION |
| VERSUS | NO. 09-7563 |
| JUDGE MARY ANN VIAL LEMMON, ET AL. | SECTION "I" (3) |

REPORT AND RECOMMENDATION

*Pro se* plaintiff, Stanley Price ("plaintiff" or "Price"), filed the captioned matter in this district court against a number of defendants. Plaintiff seeks to sue Judge Mary Ann Vial Lemmon of this Court and Judges Patrick E. Higginbotham, Rhesa H. Barksdale and Jennifer W. Elrod of the United States Court of Appeals for the Fifth Circuit in their judicial capacities. Price's claims against Judge Lemmon are predicated on her judicial decisions taken in underlying lawsuits against various housing authorities. Price's claims against Judges Higginbotham, Barksdale and Elrod are predicated on their affirmance of Judge Lemmon's judicial decision.

On December 14, 2009, this Court ordered Price to show cause in writing by January 16, 2010 why his claims against potential defendants Judges Mary Ann Vial Lemmon, Patrick E. Higginbotham, Rhesa H. Barksdale and Jennifer W. Elrod, should not be summarily dismissed for failure to state an actionable claim. On January 15, 2010, Price responded to this Court's Rule to Show Cause. For the following reasons, the Court RECOMMENDS that Price's claims against

Judge Mary Ann Vial Lemmon of this Court and Judges Patrick E. Higginbotham, Rhesa H. Barksdale and Jennifer W. Elrod of the United States Court of Appeals for the Fifth Circuit be DISMISSED WITH PREJUDICE on the ground of judicial immunity.

28 U.S.C. § 1915(e)(2)(B) allows summary dismissal, *sua sponte*, of a claim or suit should the Court determine that it is frivolous. Section 1915(e)(2)(B) provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). In plain language, Section 1915 mandates dismissal if the Court is satisfied that the case is frivolous, fails to state a claim upon which relief may be granted or if the complaint seeks monetary damages from a defendant who is immune from such relief.[1]

In early 2008, Price sued the Housing Authority of New Orleans ("HANO") and various other defendants, alleging, *inter alia*, that HANO and others had deprived him of his property and liberty interests without due process, violated his rights under the Equal Protection Clause and violated the Fair Housing Act, 42 U.S.C. § 3101 *et seq.* Price also alleged that HANO and others had discriminated against him based on sex, retaliated against him and refused to provide privileges and rental services without a grievance hearing. Price's claims arose -- as they do here -- from an earlier settlement agreement, reduced to a memorandum of understanding, that ended the litigation

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

2

in *Desire Area Resident Council v. HANO*, Docket No. 01-3156 c/w/ 01-3180 (E.D. La. 2004). In short, Price alleged that he had been deprived of the benefits of the HOPE VI revitalization grant that HUD awarded to HANO to revitalize the Desire Housing Development because, *inter alia*, his name had been illegally removed from the dwelling lease of his mother. Judge Lemmon eventually granted summary judgment in favor of HANO and other defendants and a motion to dismiss for failure to state a claim in favor of another defendant. *Price v. Housing Auth. of New Orleans*, Civ. A. No. 07-9741, 2008 WL 4449971 (E.D. La. Sept. 29, 2008).[2] The Fifth Circuit affirmed. *Price v. Housing Auth. of New Orleans*, 320 Fed. Appx. 214, 2009 WL 742372 (5th Cir. Mar. 23, 2009).

Price argues that Judge Lemmon should have recused herself from his earlier suit because of her alleged prejudice against Price. Price alleges that Judge Lemmon denied him his right to a jury trial, wrongfully revoked his tenancy and neglected and wrongfully mis-characterized the evidence. Price also claims that the appellate judges refused to review the issues and to consider the evidence. Prices alleges that the judges' actions were not "juridical acts" but negligence on their part. Price's claims are lack merit.

It is well settled that judges are protected by absolute immunity for actions taken in their

---

[2] The Court also notes that Judge Lemmon warned Price against any future filings regarding the same issues:
> Price has filed several lawsuits in the Eastern District of Louisiana regarding his entitlement to benefits that flowed from the Desire settlement agreement. The court warns Price that future filings regarding the same matter may result in sanctions, including dismissal, monetary penalties, and restrictions on his ability to file actions in this court without prior leave of court.

*Price v. Housing Auth. of New Orleans*, Civ. A. No. 07-9741, 2008 WL 4449971, at *6 (E.D. La. Sept. 29, 2008).

3

judicial capacity. *See In re Foust*, 310 F.3d 849, 855 (5th Cir. 2002) (citing *Mays v. Sudderth*, 97 F.3d 107, 109-113 (5th Cir. 1996)). Essential policy considerations support this grant of absolute judicial immunity. A judge's role in the judicial system requires that he enjoy "freedom to determine the law unfettered by the threat of collateral attacks" against him personally. *Mays*, 97 F.3d at 111. "The independence of the judiciary must not be sacrificed one microscopic portion of a millimeter, lest the fears of section 1983 intrusions cow the judge from his duty." *McAlester v. Brown*, 469 F.2d 1280, 1283 (5th Cir.1972). Absolute immunity applies to judicial acts within a judge's jurisdiction in suits brought under 42 U.S.C. § 1983. *Mays*, 97 F.3d at 111. Moreover, a judge does not lose immunity even if he was in error, took action maliciously, or acted in excess of his authority. *Id.* Rather, he loses immunity only if his act was not a "judicial act" or was "performed in the clear absence of jurisdiction." *Id.* Price has wholly failed to demonstrate that any of the acts performed by the judges here were not "judicial acts" or "performed in the clear absence of jurisdiction." Accordingly, his claims must fail.

Price also disputes this Court's authority to issue a rule to show cause. However, as noted above, Section 1915 -- the statute under which Price sought *in forma pauperis* status here -- *requires* the Court to screen a pauper complaint and dismiss it if it, *inter alia*, fails to state an actionable claim. 28 U.S.C. § 1915(e)(2). Price simply seeks to have his cake and eat it too: He wants to reap the benefits of the pauper statute, 28 U.S.C. § 1915, but avoid the stringent review of pauper complaints that the statute requires. This he can not do. This Court was wholly within its authority when it ordered Price to show cause why these claims should not be summarily dismissed. Accordingly,

4

**IT IS RECOMMENDED** that Price's claims against Judge Mary Ann Vial Lemmon of this Court and Judges Patrick E. Higginbotham, Rhesa H. Barksdale and Jennifer W. Elrod of the United States Court of Appeals for the Fifth Circuit be DISMISSED WITH PREJUDICE on the ground of judicial immunity.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 11th day of February, 2010.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**